This is a companion suit to No. 6346, decided by us this day, styled Edward Scruggs v. V. Frank Lynn Company, Incorporated, et al., 6 So.2d 86, and tried on the same record.
At the time of the accident Edward Scruggs was an unemancipated minor and it was before the disability of minority had been removed by the marriage of Edward Scruggs that the hospital and medical bills sued for herein by his father were incurred; therefore, the father of the minor was and is responsible for them. He *Page 93 
prayed for judgment in the sum of $507.75, itemized as follows:
Peters' Funeral Home (Ambulance service) $ 2.50 St. Francis Sanitarium 94.00 Dr. George Snellings (Professional services) 310.00 Collens' Pharmacy (Drugs) 1.25 Dr. Nathan Gaston (Professional services) 100.00
Each of the above items of damage was proved on trial and there is no evidence to contradict the proof offered by plaintiff.
Defendants urge here that since the injured minor was entitled to compensation from his employer, the employer was liable for $250 of the medical and hospital bills; and that the minor was treated by Dr. George Snellings at the request of the minor's employer. Granting this to be true it cannot relieve defendants of their liability. They are liable for all damage caused by their negligence and the record shows that the plaintiff herein has been billed for the above amounts by the respective parties. Whatever rights exist as between the employer, the father of the injured minor and the doctors, hospitals, etc., can in no way relieve defendants of their liability.
The lower court awarded judgment for plaintiff as prayed for and we find no error in it. Therefore the judgment of the lower court is affirmed, with costs.